**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SHAWN LADD, and SHANNON JETERS, | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
|    -vs- | ) | Case No. 14-650-DRH/DGW |
| | ) | |
| STUART W. RIDINGS; STUART W. RIDINGS, | ) | |
| [ex officio] Chief of Police for the City of Herrin, | ) | |
| Illinois Police Department; CITY OF HERRIN, | ) | **JURY TRIAL DEMANDED** |
| ILLINOIS POLICE DEPARTMENT, and | ) | |
| CITY OF HERRIN, ILLINOIS. | ) | |
| | ) | |
|    Defendants. | ) | |

**COMPLAINT AND JURY DEMAND**

NOW COME the Plaintiffs, SHAWN LADD and SHANNON JETERS, by and through their attorneys, Adam B. Lawler Law Firm, LLC, and for their Complaint against the Defendants, STEWART W. RIDINGS, Chief of Police for the City of Herrin, Illinois, Police Department, and THE CITY OF HERRIN, ILLINOIS POLICE DEPARTMENT, respectfully state as follows:

**STATEMENT OF JURISDICTION AND VENUE**

1.　That the Plaintiff, Shawn Ladd, hereinafter "Ladd" is a resident of Herrin, Williamson County, Illinois, and resides in, Herrin, Williamson County, Illinois.

2.　That the Plaintiff, Shannon Jeters, hereinafter "Jeters" is a resident of the Village of Energy, Williamson County, Illinois, and resides in, Energy, Williamson County, Illinois.

3.　That the Defendant, Stewart W. Ridings, hereinafter "Ridings" is a public official, the acting Chief of Police for the City of Herrin, Williamson County, Illinois.

4.　That the City of Herrin, Illinois, police department is a political subdivision of the City of Herrin, Williamson County, Illinois.

5.     That events forming the basis for this dispute took place substantially in either Herrin, Williamson County, Illinois, or in Energy, Williamson County, Illinois.

6.     The jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, as Plaintiffs' claims allege violations of federal law and deprivations of Plaintiffs' First Amendment Rights provided for under the United States Constitution and that this Court has supplemental jurisdiction over Plaintiffs' State Retaliatory Discharge claims because the federal and state law claims derive from a common nucleus of operative fact, such that the relationship between the claims permits the conclusion that the entire action before this Court comprises but one constitutional case.

7.     Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred within the Southern District of Illinois.

8.     That, based on the foregoing, this Court has jurisdiction over the dispute, and that venue in this Court is proper.

## <u>COMMON FACTUAL ALLEGATIONS</u>

1.-8.    That the Plaintiffs hereby incorporate by reference herein the allegations contained in Paragraphs 1.– 8. of the Statement of Jurisdiction and Venue contained in this Complaint as though set forth fully herein.

9.     That the Plaintiffs, Ladd and Jeters, were both employed as police officers with the City of Herrin, Illinois, police department.  Plaintiff Ladd, began working as an officer with the City of Herrin, Illinois, in 1995, and Plaintiff Jeters began working as an officer with the City of Herrin, Illinois, in 1998.

10.     At all relevant times, each Plaintiff satisfactorily fulfilled his assigned duties.

11.     That in May 2013, Plaintiff Ladd, joined an online forum group of citizens from Herrin and Energy, Illinois, who were concerned with escalating burglaries and other crimes in the City of Herrin, Illinois.

12.     That, as a result of monitoring discussions on the online forum group, Plaintiff Ladd, noticed that citizens were seeking monies for neighborhood watch signage for the City of Herrin, Illinois.

13.     That Plaintiff Ladd, in addition to being employed as a police officer with the City of Herrin, Illinois, is also acting Chief of Police for the Village of Energy, Illinois.

14.     That Plaintiff Ladd, discussed with Plaintiff Jeters, on or about June 18, 2013, or June 19, 2013, the idea of the Village of Energy, Illinois, donating either neighborhood watch signs or necessary monies for the purchase of approximately six neighborhood watch signs and Plaintiff Jeters supported Plaintiff Ladd's proposal.

15.     That, on or about July 13, 2013, at a Herrin Crime Watch meeting at the First Baptist Church in Herrin, Illinois, Plaintiff Ladd, offered aid to the City of Herrin, Illinois, in the form of neighborhood watch signs.

16.     That Plaintiff Ladd's offer to donate signs was received positively by the public, and reported upon in the Independent Newspaper on or about July 18, 2013, where Plaintiff Ladd, was interviewed and spoke at length about his desire to help the neighboring Herrin, Illinois, community by donating neighborhood watch signs.

17.     That on or about July 22, 2013, Herrin, Illinois, Chief of Police and Defendant Ridings summoned Plaintiff Ladd, to his office, at which time a verbal exchange took place between Plaintiff Ladd, and Defendant Ridings.

18.     That Defendant Ridings exclaimed that Plaintiff Ladd, was "making him look bad" by offering to donate signs for a neighborhood watch in his jurisdiction

19.     That on or about July 23, 2013, Defendant Ridings was informed that Plaintiff Jeters had been consulted on the matter, and that Plaintiff Jeters supported Plaintiff Ladd.

20.     That Defendant Ridings promptly removed both Plaintiff Ladd, and Plaintiff Jeters, from the "call sheet" used to provide shifts to police officers for the City of Herrin, Illinois.

21.     That Defendant Ridings verbally commanded staff dispatchers and other officers not to give any more shifts to Plaintiffs Ladd or Jeters because Plaintiffs Ladd and Jeters had set up the plan for donating signs to the neighborhood watch for the City of Herrin, Illinois.

22.     That to date, neither Plaintiff Ladd nor Jeters has received any shifts or hours to work for the City of Herrin.

### COUNT I – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (BOTH PLAINTIFFS AGAINST ALL DEFENDANTS)

1.-22.   Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1. – 22. of the Factual Allegations contained in this Complaint as and for paragraphs 1. – 22. of Count II as though set forth fully herein.

23.     That Defendant Ridings in acting under the color of state law is empowered, by his appointment as Chief of Police for the City of Herrin, Illinois, with discretion and authority to make personnel decisions for the City of Herrin, Illinois, police force.

24.     That Plaintiff Ladd, when speaking concerning his plan to donate neighborhood watch signs to the City of Herrin, Illinois, was speaking on a matter of public concern, that concern being the citizens' of the City of Herrin, Illinois' ongoing problems combating burglaries and other criminal activity in the community.

4

25.     That citizens of the City of Herrin, Illinois, have expressed public concern, especially via an online forum group which Plaintiff Ladd, joined, regarding ongoing burglaries and other criminal activity in the community, as well as citizens' desire to combat aforesaid criminality in their private capacity.

26.     That Plaintiff Jeters, when manifesting his support for Plaintiff Ladd's plan to donate neighborhood watch signs to the City of Herrin, Illinois, was speaking with positive assent on an issue of public concern, explained as such above in Paragraphs 31. and 32.

27.     That Plaintiffs Ladd and Jeters have a strong interest in being able to speak their minds in supporting citizens' desire to protect themselves from burglaries or other criminal activities; that, further, Defendant Ridings has little or no interest in preventing Plaintiffs Ladd and Jeters from supporting citizens' desire to protect themselves from burglaries or other criminal activities.

28.     That Plaintiff Ladd's speech, as described herein, is protected by the First Amendment to the United States Constitution.  U.S. Const. amend. I.

29.     That Plaintiff Jeters' speech, as described herein, is protected by the First Amendment to the United States Constitution.  U.S. Const. amend. I.

30.     That Defendant Ridings removed Plaintiffs Ladd and Jeters from the call sheet and instructed certain employees not to give Plaintiffs Ladd and Jeters any further shifts with the City of Herrin, Illinois, police department, because Plaintiff Ladd, spoke publicly about his desire to donate neighborhood watch signs to the City of Herrin, Illinois, and because Plaintiff Jeters manifested his assent to this plan of action.

31.     That Defendant Ridings' actions were the direct or proximate cause, or a substantial factor, in Plaintiffs Ladd and Jeters being removed from the call sheet and receiving no further shifts with the City of Herrin, Illinois, police department.

32.     That Defendant Ridings was aware that Plaintiff Ladd, was speaking publicly about his desire to help citizens of the City of Herrin, Illinois, combat ongoing burglary and related criminal activity by donating neighborhood watch signs to the City of Herrin, Illinois.

33.     That Defendant Ridings was aware that Plaintiff Jeters had manifested his support and approval of Plaintiff Ladd's plan to donate the neighborhood watch signs.

34.     That Defendant Ridings, acted with reckless or callous disregard toward Plaintiff Ladd and Plaintiff Jeters' constitutionally protected free speech rights.

35.     That, because of Defendant Ridings' actions as described above against Plaintiffs Ladd and Jeters, the work environment thereby created by Defendant Ridings makes Plaintiffs Ladd and Jeters' reinstatement impracticable.

WHEREFORE, Plaintiffs, Shawn Ladd, and Shannon Jeters, respectfully pray this Court:

a.     Declare that Defendants' adverse actions against Plaintiffs based on constitutionally protected speech, unlawfully discriminates against Plaintiffs and violates 42 U.S.C. § 1983;

b.     Award Plaintiffs such damages as would fully compensate them for their injuries caused by Defendants' actions, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest;

c.     Compensatory damages.

d.     Award punitive damages for the intentional and callous conduct of the Defendants;

e.      Award Plaintiffs their costs, expenses, and reasonable attorney's fees as

permitted by 42 U.S.C. § 1988, for this action; and

f.      Grant any additional relief as the court deems just and proper.

> s/Adam B. Lawler
> Adam B. Lawler
> Adam B. Lawler Law Firm, LLC
> 1600 West Main Street
> PO Box 1148
> Marion, IL 62959
> (618) 993-2222

## COUNT II –RETALIATORY DISCHARGE
### (BOTH PLAINTIFFS AGAINST ALL DEFENDANTS)

1.-35.   That the Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1.- 35. of the Common Factual Allegations contained in this Complaint as and for paragraphs 1.– 35. of Count I, as though set forth fully herein.

36.     That Defendant Ridings, by commanding that Plaintiffs Ladd and Jeters be removed from the "call sheet" and given no further shifts with the City of Herrin, Illinois, police department, constructively fired or otherwise discharged Plaintiffs Ladd and Jeters.

37.     That Defendant Ridings intimated to both Plaintiff Ladd and to the parties named in Paragraph 22 of this Complaint that Plaintiffs Ladd and Jeters were being removed from the "call sheet" and given no further shifts with the City of Herrin, Illinois, police department because of Plaintiff Ladd's statements to the Independent Newspaper on or about July 13, 2013, and because Plaintiff Jeters intimated his support for Plaintiff Ladd's proposal to donate neighborhood watch signs to the City of Herrin, Illinois.

38.     That Plaintiffs Ladd and Jeters have a right to freedom of speech secured under the United States and Illinois Constitutions.  U.S. Const. amend. I; Ill. Const. Art. I, Sec. IV.

7

39.     That Plaintiffs Ladd and Jeters, as peace officers, are protected by the Illinois Uniform Police Officers Disciplinary Act, which provides that, "The rights of officers in disciplinary procedures set forth under this Act shall not diminish the rights and privileges of officers that are guaranteed to all citizens by the Constitution and laws of the United States and of the State of Illinois."  50 ILCS § 725/5.  Further, the Act provides that:

> No officer shall be discharged, disciplined, demoted, denied promotion or seniority, transferred, reassigned or otherwise discriminated against in regard to his or her employment, or be threatened with any such treatment as retaliation for or by reason of his or her exercise of the rights granted by this Act.  50 ILCS § 725/7.

40.     That Defendant Ridings discharged Plaintiffs Ladd and Jeters in derogation of strong public policies intimated by the laws set forth by the United States Constitution, the Illinois Constitution, and the Illinois Uniform Police Officers Disciplinary Act.

41.     Plaintiffs lost overtime, other specialties, and/or promotions as a result.

42.     The acts of Defendants have caused Plaintiffs lost wages and benefits, future pecuniary losses, and other consequential damages.

43.     That Defendant Ridings is the Chief of Police for the City of Herrin, Illinois, police department.

44.     That the Herrin, Illinois, police department is a political subdivision of the City of Herrin, Illinois.

WHEREFORE, Plaintiffs, Shawn Ladd, and Shannon Jeters, respectfully pray this Court:

A.     Declare that Defendants' adverse actions against Plaintiffs based on constitutionally protected speech, unlawfully discriminates against Plaintiffs and constitutes a retaliatory discharge pursuant to 50 ILCS 725/5;

B.      Award Plaintiffs such damages as would fully compensate them for their injuries caused by Defendants' actions, including but not limited to back pay, front pay, future pecuniary losses, and pre-judgment interest.

C.      Compensatory damages.

D.      Award punitive damages for the intentional and callous conduct of the Defendants;

E.      Award Plaintiffs their costs, expenses, and reasonable attorney's fees; and

F.      Grant any additional relief as the court deems just and proper.


s/Adam B. Lawler
Adam B. Lawler
Adam B. Lawler Law Firm, LLC
1600 West Main Street
PO Box 1148
Marion, IL 62959
(618) 993-2222


Adam B. Lawler Law Firm, LLC
      Adam B. Lawler #6283341
      David W. Lawler #6303793
      Stephen Nicholas Brown #6302494
1600 W. Main Street/P.O. Box 1148
Marion, IL 62959
Phone: (618) 993-2222
Facsimile: (618) 731-4141